UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BRIAN JACKSON, individually and on behalf of all others similarly situated,

        Plaintiff,

vs.

ALLIED ACOUNT SERVICES INC.,

        Defendant.

---

CLASS ACTION

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

DEMAND FOR JURY TRIAL

This action is brought by plaintiff Brian Jackson against defendant Allied Account Services Inc., ("AAS") based on the following:

## PRELIMINARY STATEMENT

1. This action arises from practices engaged in by defendant, when attempting to collect consumer debts, that violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt

collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3. The FDCPA focuses on the conduct of the debt collector and not on the validity of the alleged debt. Whether a debt is actually owed has no relevance to whether the debt collector complied with the FDCPA. Consequently, the individuals whom the Act primarily protects are defined as "consumers." 15 U.S.C. § 1692a(3).

4. The FDCPA, at 15 U.S.C. § 1692c, limits when and with whom a debt collector may communicate when attempting to collect a debt and, unless expressly permitted under § 1692c, 15 U.S.C. § 1692b restricts a debt collector's communications with third parties to obtaining "location information" about the consumer.

5. When collecting or attempting to collect a debt, the FDCPA demands the debt collector treat people respectfully, honestly, and fairly by proscribing its use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g(a).

7. When the collection process escalates to litigation, the FDCPA prohibits a lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. The FDCPA is a strict-liability statute, which provides for statutory damages upon the showing of one violation, regardless of any actual damages.

9. A debt collector's conduct violates the FDCPA when viewed from the perspective of the least sophisticated consumer.

10. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and a class may recover up to $500,000 or 1% of the debt collector's net worth, whichever is less. *Id.*

11. Plaintiff is seeking, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## PARTIES

12. Plaintiff Brian Jackson is a natural person who, at all times relevant to this lawsuit was a citizen of and resided in the hamlet of Plainview, Nassau County, New York.

13. AAS is a for-profit corporation formed under the laws of the State of New York.

14. AAS's principal office is located at 422 Bedford Avenue, Bellmore, New York 11710.

## JURISDICTION & VENUE

15. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

16. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to plaintiff's claims occurred within this federal judicial district, and because defendant is subject to personal jurisdiction in the State of New York at the time this action was commenced.

## FACTS

17. Defendant regularly engages in the collection or attempted collection of defaulted consumer debts allegedly owed to others.

18. Defendant is a business the principal purpose of which is the collection of defaulted consumer debts.

19. In attempting to collect debts, defendant uses instruments of interstate commerce such as the mails, the telephone, and the internet.

20. Defendant sent or caused to be sent a letter ("Letter") dated April 1, 2021 to plaintiff.

21. A true and correct copy of the Letter is attached hereto as **Exhibit A** except the undersigned has partially redacted it.

22. The letter claimed plaintiff owed a debt ("Debt").

23. The alleged Debt was incurred for personal, family, or household purposes, namely landscaping services for plaintiff's home.

24. The Letter was the first letter defendant sent to plaintiff in connection with the alleged Debt.

### *Section 1692g(a)(4)-(5) Claim*

25. The FDCPA requires debt collectors to send a written notice "within five days after the initial communication with a consumer in connection with the collection of any debt" containing, *inter alia*, the following information:

> (3) a statement that unless the consumer within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide

the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(3)-(5) (emphasis added).

    26.    The Letter stated in relevant part:

> Unless you notify this office verbally or in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid. If you notify this office *verbally or in writing* within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you. If you request of this office *verbally or in writing* within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Exhibit A* (emphasis added).

    27.    By inviting plaintiff to seek verification of the debt or the name of the original creditor verbally, defendant failed to inform plaintiff of his rights under the FDCPA as § 1692g(a)(4)-(5) require. *Grief v. Wilson Elser Moskowitz Edelman Dicker*, 217 F. Supp. 2d 336, 340 (E.D.N.Y. 2002).

    28.    By inviting plaintiff to seek verification or the name of the original creditor verbally, defendant is inviting plaintiff to forfeit his rights under the FDCPA.

    29.    The FDCPA imposes a duty on defendant to refrain from using false, deceptive, or misleading representations or means when collecting a debt.

30. Plaintiff has a right under the FDCPA to receive a communication from defendant that was truthful, non-deceptive, and non-misleading.

31. Defendant invaded plaintiff's rights by misstating his rights under the FDCPA to seek verification of the Debt and the name of the original creditor.

32. The unsophisticated consumer who sought verification of the debt only verbally, and not in writing, would forfeit that right.

33. The unsophisticated consumer who sought the name of the original creditor verbally, and not in writing, would forfeit that right.

### *Section 1692c(b) Claim*

34. The Letter contains markings which indicate it was printed and mailed by a letter vendor, a third-party company in the business of printing and mailing letters.

35. Before defendant's letter vendor printed and mailed the Letter, defendant provided the letter vendor with plaintiff's name and address, the status of plaintiff as a debtor, details of plaintiff's alleged debt, and other personal information.

36. On information and belief, defendant provided this information about plaintiff to its letter vendor in the form of an electronic file.

37. The letter vendor then populated some or all of this information in to a prewritten template, printed the Letter, and mailed it to plaintiff.

38. The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(3).

39. The sending of an electronic file containing information about the Debt to a letter vendor is a communication.

40. Defendant's communication to its letter vendor was in connection with the collection of a debt since it involved disclosure of the Debt to a third-party for the purpose of communicating with plaintiff and inducing him to pay the Debt.

41. The FDCPA, at 15 U.S.C. § 1692c(b), sets limits on the persons with whom a debt collector can communicate in connection with the collection of a debt:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

42. Defendant's letter vendor does not fall within the permitted exceptions provided for in 15 U.S.C. § 1692c(b).

43. Plaintiff never consented to have personal and confidential information about himself and the Debt shared with defendant's letter vendor or other third-party.

44. Due to defendant's communication to its letter vendor, information about plaintiff and the Debt is in the possession of an unauthorized third-party.

45. Defendant unlawfully communicates with its letter vendor solely for the purpose of streamlining its generation of profits with regard to the propriety and privacy of the information which it discloses to such third-party.

46. In its reckless pursuit of a business advantage, defendant disregarded the known negative effect that disclosing personal account information to an unauthorized third-party can have on consumers.

47. Defendant's disclosure, without plaintiff's consent, of plaintiff's status as an alleged debtor to a third-party invaded plaintiff's privacy right not to have that information disclosed.

## CLASS ALLEGATIONS

48. The Letter is a form letter.

49. Specifically, the letter was created by merging electronically-stored information specific to the Debt (including but not limited to the addressee's name and address) with predetermined electronically-stored text and any graphics defined by a template, and printing the result.

50. Defendant's conduct in sending letters like *Exhibit A* is consistent with its policies and practices when attempting to collect debts from consumers.

51. Consequently, this action is brought by plaintiff, both individually and on behalf of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

52. ***Class Definition.*** The class is defined as:

> All natural persons to whom Allied Account Services Inc. mailed a written communication in the form of ***Exhibit A*** to an address in the State of New York during the Class Period beginning on April 21, 2020 and ending on May 12, 2021.

53. The identities of the class members are readily ascertainable from defendant's business records and those entities for whom defendant collects debts.

54. ***Class Claims.*** The class claims are the claims which each class member may have for any violation of the FDCPA arising from defendant having sent a written communication in the same form as ***Exhibit A***.

55. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) ***Numerosity.*** On information and belief, the class is so numerous that joinder of all members would be impractical and includes at least 40 members.

    (b) ***Common Questions Predominate.*** Common questions of law and fact exist as to all members of the class and those questions predominate over any issues involving only individual class

        members because those questions concern the same conduct by defendant with respect to each class member.

    (c)    *Typicality.* Plaintiff's claims are are typical of those of the class members because those claims arise from a common course of conduct engaged in by defendant.

    (d)    *Adequacy.* Plaintiff will fairly and adequately protect the interests of the class members insofar as he has no interests that are adverse to those of the class members. Moreover, plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling consumer lawsuits and class actions.

56.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the class members predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

57.    Based on discovery and further investigation (including, but not limited to, disclosure by defendant of class size and net worth), plaintiff may seek class certification: (a) only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4); (b) using a modified definition of the class or the class claims; or (c) using a different class period.

-11-

## CAUSE OF ACTION FOR VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

58. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

59. AAS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

60. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

61. Mr. Jackson is a "consumer" as defined by 15 U.S.C. § 1692a(3).

62. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

63. The use and mailing of *Exhibit A* by defendant violated the FDCPA in one or more of the following ways:

(a) Communicating, without plaintiff's consent, with a third-party who does not fall under one of the § 1692c(b) exceptions, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692c(b);

(b) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

(c) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

(d) Failing to inform plaintiff of his rights under § 1692g(a)(4) in violation of 15 U.S.C. § 1692g(a)(4);

(e) Failing to inform plaintiff of his rights under § 1692g(a)(5) in violation of 15 U.S.C. § 1692g(a)(5).

## PRAYER FOR RELIEF

64. WHEREFORE, plaintiff requests judgment against defendant. Specifically, plaintiff requests and order:

(a) Certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the class and the class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

(b) Awarding statutory damages to plaintiff and the class pursuant to 15 U.S.C. § 1692k(a)(2);

(c) Awarding an incentive payment to plaintiff for his services on behalf of the class;

(d) Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(e) Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to plaintiff or the class, a sum sufficient to ameliorate such consequences; and

(f) Requring such other and further relief as may be just and proper.

## JURY DEMAND

65. Trial by jury is demanded on all issues so triable.

DATED: April 28, 2021

    *s/ Abraham Kleinman*
Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

Francis R. Greene
GREENE CONSUMER LAW
1954 1st St. #154
Highland Park, IL 60035
Telephone: 312-847-6979
Facsimile: 312-847-6978
E-mail: francis@greeneconsumerlaw.com

*Attorneys for plaintiff Brian Jackson*